UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. JOSEPH FRIED and PUBLIC<br>PROGRAM TESTING ORGANIZATION,<br><br>*Relators*,<br><br>v.<br><br>HUDSON INDEPENDENT SCHOOL<br>DISTRICT,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§ Civil Action No. 9:05-CV-245<br>§<br>§<br>§ JUDGE RON CLARK<br>§<br>§<br>§<br>§<br>§ |

## ORDER DENYING RECONSIDERATION

Relators seek reconsideration of the court's grant of summary judgment in favor of Defendant Hudson Independent School District ("HISD"), finding that the court lacks jurisdiction over Relators' claims **[Doc. # 54]**. No new argument is presented. Relators' Motion For Reconsideration is denied.

### I. Background[1]

The dispute in this case centers around Defendant HISD's one-day work program. Beginning in April 2005, Relators submitted a series of requests pursuant to the Texas Public Information Act ("TPIA") to HISD, requesting information about this program. In December 2005, the Social Security Administration's Office of the Inspector General ("OIG") conducted an on-site audit of the program; the OIG publicly released its report in December 2006, which was

---

[1] The facts of this case are set out in the Order Granting Defendant's Motion For Summary Judgment **[Doc. #53]**.

critical of the Social Security Administration and claimed that it had misapplied the law by allowing programs like HISD's one-day work program to continue.

Relators filed suit on December 21, 2005, alleging that HISD's one-day plan defrauded the government. HISD filed its Motion for Summary Judgment on June 28, 2007. The court granted HISD's motion on October 26, 2007, dismissing the Relators' claims on jurisdictional grounds because the Relators were not the "original source" under 31 U.S.C. § 3730(e)(4).

## II. Standard of Review

Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l. Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of judgment or to re-urge matters that have already been advanced by a party. *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). A motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994).

## III. Analysis

Relators argue that the court erred in its finding that no jurisdiction existed in two ways. Relators' first argument is two pronged: (1) the court did not apply the "original source" analysis set out in the recent Supreme Court decision, *Rockwell Int'l. Corp. v. United States*, __ U.S. __, 127 S. Ct. 1397, 1408 (2007)(finding that "information on which the allegations are based" in Section 3730(e)(4)(B) refers to a Relator's allegations, not the publicly disclosed allegations) and (2) the court impermissibly assessed jurisdiction of Relators' claims together rather than on a

claim-by-claim basis.  Relators' second argument is that the court failed to address key evidence, namely evidence of Relators' investigative efforts and experience, as well as evidence of the effects of Relators' efforts.

A. "Original Source"

As the court discussed in detail in its previous order, *Rockwell* stands for the proposition that "the statutory phrase 'information on which the allegations are based' refers to the information on which the relator's allegations are based rather than the information on which the publicly disclosed allegations are based."  *United States v. Lockheed-Martin Eng'g Servs.Co.*, 491 F.3d 254, 258 n.11 (5th Cir. 2007).   Therefore, to qualify as the "original source" under Section 3730(e)(4), the Relator must have direct and independent knowledge of the information in the Relator's complaint on which the allegations are based.

In this case, the information underlying Relators' claims was itself publicly disclosed and Relators did not have direct and independent knowledge of the information underlying their claims.  Relators' suggestion that the court misapplied *Rockwell* is merely a re-iteration of the argument, previously rejected by the court, that Relators have direct and independent knowledge of the facts underlying their fraud allegations which did not come from public disclosures.

Relators also argue that the court did not consider whether they had direct and independent knowledge for each claim asserted.  Their position is that while the court determined that Relators did not have direct and independent knowledge of their allegations regarding HISD's Section 218 Agreement and failure to engage in a bona fide employment relationship for the one-day employees, the court failed to assess whether HISD's own policies prevented it from extending Social Security coverage to employees working twenty hours or less per week.  At the

same time, Relators' Motion For Reconsideration also acknowledges that the court addressed whether HISD's definition of a part-time worker was publicly disclosed. HISD's definition of a part-time worker is certainly a district policy relevant to the claim of whether HISD's policies prevented it from extending coverage to employees working twenty hours or less. Relators' true argument- that they have direct and independent knowledge of the facts underlying their fraud allegations which did not come from public disclosures- has already been rejected by this court.

B. Relators' Investigative Efforts

Relators' second argument is that the court did not consider either Relators' "substantial experience and. . . significant investigative efforts," used to uncover the fraud allegations or the effect of Relators' discoveries.

Relators quote from *United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 179 (5th Cir. 2004), for the proposition that the court should consider the Relators' investigation or experience in order to determine if it translates into "some additional compelling fact." The Fifth Circuit also cautions in *Reagan* that this does not mean that "second-hand information may be converted into 'direct and independent knowledge' simply because the plaintiff discovered through investigation or experience what the public already knew." *Id.* The facts that Relator Fried has extensive experience as a public auditor and conducted his own investigation into the practices of school districts' one-day programs in Texas does not mean that he may bring these fraud claims if, as the court has previously found, the information he uncovered was already publicly known.

Relators also argue that the court's order "ignores entirely key, unchallenged evidence that the government was put 'on the trail' of HISD's wrongdoing. . . by Relators' investigative

efforts." *See* Doc. # 54 at 9.  According to Relators, this evidence is the affidavit of James Klein, Director for the San Francisco Audit Division of the OIG, in which Mr. Klein stated that the original GAO reports, while addressing the "basic policy issues and potential abuses" of the GPO, did not address the specific allegations of Relators.  Rel. Resp. To Def. Mot. For Sum. J., Ex. 3, at ¶¶ 9-10 **[Doc. # 39]**.

There is no need to repastinate this soil.  The GAO Reports were public disclosures in which a host of potential abuses to the GPO exception were revealed.  While the precise details of HISD's one-day program were not specifically contemplated by these reports, the exemption was determined by the GAO to be lawful, even in the case of one-day programs.  Def. Mot. Sum. J., Ex. 3A, at 4 **[Doc. # 20]**.  The exemption was the subject of Congressional hearings in May 2003, which led to the amendment of the law to require five years of employment before being eligible for benefits.  Other school districts touted virtually identical programs on websites and in trade magazines.  *Id.* at Exs. 7-10.  In other words, if the OIG was interested in performing an audit on the one-day programs, the information was clearly publicly available to it.

Relators' provision of the information to the OIG is commendable.  However, the information was publicly available to the OIG long before Relators' report.  The fact that the OIG had not previously acted upon it does not compel a different result in this case.

5

IT IS THEREFORE ORDERED that Relators' Motion For Reconsideration or Clarification **[Doc. # 54]** is DENIED.

So **ORDERED** and **SIGNED** this **11** day of **December, 2007.**

_____
Ron Clark, United States District Judge